United States Court of Appeals
Fifth Circuit

F I L E D

April 25, 2007

Charles R. Fulbruge III
Clerk

*In the United States Court of Appeals
For the Fifth Circuit*

No. 06-31104
Summary Calendar

JOHNNY G. PILGREEN,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 3:05-CV-2154

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnny Pilgreen appeals the denial of disability insurance benefits under Title II of the Social Security Act. He argues that the Administrative Law Judge (ALJ) acted contrary to law at step five of the sequential evaluation process by posing an improper hypothetical to the vocational expert. Because we find no error with the ALJ's hypothetical, we affirm the Commissioner's decision.

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pilgreen was diagnosed with idiopathic hypersomnia, a condition that results in long periods of daytime drowsiness that lead to "micro sleeps" of one to four seconds, during which he acts in a semi-controlled way. Pilgreen's condition caused him to lose his job as a delivery truck driver, due to concerns about his ability to drive his truck safely. He thereafter sought disability benefits.

At step five of the sequential evaluation process,[1] the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled.[2] The ALJ solicited testimony from a vocational expert in order to determine whether a person with Pilgreen's residual functional capacity is capable of performing work in the national economy. The ALJ asked whether there was substantial work available for a person whose condition of idiopathic hypersomnia required that the person avoid unprotected heights, not climb ladders or stairs, avoid dangerous moving machinery, and not drive automotive equipment. The vocational expert responded that there are jobs in substantial numbers in the national economy that a person with such limitations could perform. The ALJ then posed an additional hypothetical where the person, in addition to the restrictions related to heights, stairs, ladders, and machinery, would also be unable to comply with production requirements because of the inability to maintain attention and concentration. The ALJ responded to this second hypothetical by saying that no jobs would

---

[1]20 C.F.R. §§ 404.1520, 416.920 (2006).

[2]*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

be available for such a person. The ALJ's decision credited the first hypothetical and denied benefits based on the conclusion that Pilgreen was not disabled and could work.

Pilgreen argues on appeal that the ALJ committed reversible error in denying benefits because he relied on the first hypothetical, which was defective because it did not contain substantially all of Pilgreen's limitations. He argues that the second hypothetical more accurately states his disabilities, and that the vocational expert's response to the second hypothetical shows that Pilgreen is entitled to benefits. Hypothetical questions posed to a vocational expert must include all of the disabilities supported by the evidence and recognized by the ALJ.[3] It is clear from the ALJ's decision that he only recognized the disabilities posed in the first hypothetical, namely, that Pilgreen's idiopathic hypersomnia prevents him from climbing stairs or ladders, driving automotive equipment, working around dangerous moving machinery, and working at unprotected heights. The ALJ did not recognize any other disabilities causing impaired work performance or an inability to maintain attention and concentration. Both of these determinations are supported by substantial evidence.

Pilgreen testified at his hearing that his condition results in three to four daytime sleep attacks per week. Despite these attacks, Pilgreen does not engage in any bizarre behavior. He is able to and does perform various household chores. He attends church, goes shopping, watches television, and visits with friends and family. The relevant medical evidence

---

[3] *See Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

consists primarily of treatment records from Pilgreen's treating physician, Dr. Thompson. The records indicate that Pilgreen responded to medication, was doing "well," and did not have signs of excessive sleepiness. His Epworth Sleepiness Scale was 2 out of 21, with 12 or greater being considered excessive sleepiness. Dr. Thompson did recommend, however, that Pilgreen avoid heights, as well as using machinery or ladders. The ALJ's first hypothetical is consistent with this substantial evidence.

Pilgreen points to other evidence from a scholarly article indicating that idiopathic hypersomnia is a very disabling illness that often causes patients to continue to function in an unplanned and often inappropriate way during drowsiness and microsleep periods. As the district court notes, however, this evidence speaks to the condition of idiopathic hypersomnia generally, and does not constitute objective evidence of Pilgreen's specific condition and disability.

The Commissioner's decision is supported by substantial evidence and the Commissioner used the proper legal standards to evaluate the evidence.[4] We AFFIRM.

---

[4]*See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) ("The federal courts review the Commissioner's denial of social security benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.").